STONE, Judge.
Handelsman, the owner of a building on Worth Avenue in the Town of Palm Beach, appeals a final judgment for the town following a lengthy non-jury trial. The trial court rendered an extensive judgment resolving both factual and legal issues. We affirm.
Handelsman entered into an agreement to lease over 7,000 square feet of space to The Limited stores for a retail store. He had previously leased the space to a restaurant. The restaurant was in operation before certain code changes where enacted, and did not conform to the new code.
The property is in the town’s C-WA Worth Avenue Zoning District. The code limits gross leasable area in the district to 2,000 square feet for an apparel store, unless a special exception is granted. The lease was conditioned upon Handelsman’s obtaining a special exception. The town council denied Handelsman’s application.
The “Schedule of Use Regulations” for the district contains a footnote which provides that
(1) Regulation of existing nonconforming commercial uses: Any existing uses contained on the list of permitted uses shown herein which contain more than two thousand (2,000) square feet of gross leasable area (GLA) shall be classified as existing nonconforming uses (refer to Section 8.10, “Nonconforming Uses”). However, all future changes of use shall be limited to those uses listed as permitted uses on the list contained herein with a maximum GLA of two thousand (2,000) square feet; and, if a change of use is contemplated from one general commercial category ... wherein the new use will involve a GLA exceeding two thousand (2,000) square feet, then the contemplated new use shall be subject to prior approval of a special exception application by the town council before said change is made (refer to Section 6.40, “Special Exception Uses”).
In effect, the above note will allow any existing use over two thousand (2,000) square feet, in a district with a two thousand (2,000) square footage limitation, to continue operating at its existing scale, or to change to another use within the same general commercial category without council approval.
There was evidence that the “grandfather” provision does not apply to the proposed change in use from the restaurant (a nonconforming use operating without a special exception) to an apparel store (a different commercial category) where the leased area exceeds the space requirements for a permitted use, absent town council approval for a special exception. The restaurant could have converted to a lounge of the same size because they are both within the same commercial category, or to an apparel store of 2,000 square feet or less because that use is permitted under the code. However, there was expert testimony that the restaurant could not be convert *1049 ed to an apparel store of the same size without town council approval.
The ordinance further provides that it is intended that the district:
preserve and enhance an area of unique quality and character oriented to pedestrian comparison shopping and providing a wide range of retail and service establishments, to be developed whether as a unit or as individual parcels, serving the short-term and long-term needs of town-persons. Further, it shall be the intent of this district to enhance the town-serving character of the area through use of limitations on maximum gross leasable area (GLA) thereby reducing the problems of parking and traffic congestion determined to result from establishments of a region-serving scale.
Additionally, section 8.10 of the code states:
... It is the intent of this chapter [ordinance] to permit these nonconforming uses to continue until they are voluntarily removed, removed by abandonment, or otherwise removed as required by this chapter [ordinance], but not to encourage their survival.
It is further the intent of this chapter [ordinance] that nonconforming use shall not be enlarged upon, expanded, intensified or extended, nor be used as grounds for adding other uses prohibited elsewhere in the same district.
In denying the special exception, the town rejected Handelsman’s contention that the proposed retail store would primarily serve “town persons.” The code requires that applicants for a special exception use which exceeds district space limits must satisfy the council that not less than 50% of the anticipated customers will be “town persons.”[1] Additionally, the applicant must demonstrate that the principal portion of anticipated customers will not be attracted from off-island locations. These requirements reflect the town’s traffic and parking concerns and are to limit displacement of businesses serving the Worth Avenue neighborhood by larger, region-serving establishments.
The trial court held that Handelsman had no right to a permit under the zoning code other than by seeking a special exception, that the provisions of the ordinances in question were constitutional on their face and as applied, and that the town’s denial of Handelsman’s application was not arbitrary and capricious and did not violate Handelsman’s civil rights as a “taking” without due process.
Without addressing all of the issues and arguments raised, we conclude, first, that the trial court’s interpretation of the “Schedule of Use Regulations,” including the footnote, is consistent with the evidence, the plain wording of the ordinance, and the overall purpose of the ordinance. Next, that the trial court did not err, or abuse its discretion, by concluding that the requirement for obtaining a special exception here is consistent with the overall scheme of the ordinances. Additionally, the trial court did not err by rejecting the various constitutional issues raised.
Handelsman has not demonstrated that he was deprived of property without due process or equal protection of law. He retains the ability to use it in conformity with otherwise permitted use and square footage requirements. Nor has Handels-man shown that the Palm Beach Code was arbitrarily applied, despite comparisons with previous town council approval of special exception applications. The trial court could reasonably conclude, among other findings, that Handelsman did not meet the code’s requirements, there was a rational relationship between the code provisions in question and the valid public purposes they were designed to further, and the town’s conduct was not arbitrary and capricious.
WARNER, J., concurs.
ANSTEAD, J., concurs specially with opinion.

. "Town persons” is defined as full time or seasonal residents, and visitors staying in acco-modations and employees working in town.